UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-60052-BLOOM

UNITED STATES,

    Plaintiff,

v.

BRANDON CARRIER,

    Defendant.
_____/

### ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

**THIS CAUSE** is before the Court upon Defendant Brandon Carrier's Motion for Appointment of Counsel, ECF No. [67] ("Motion"), filed on March 28, 2023. Therein, Carrier asserts that he has been confined in FCI Oakdale's Special Housing Unit ("SHU") under protective custody status since July 20, 2022. *Id.* He asserts that FCI Oakdale's policy for inmates in the SHU is to require that inmates remain there for 6 months before transfer. *Id.* However, his transfer has allegedly been delayed for reasons beyond his control. *Id.* He requests appointment of a lawyer to assist him in getting transferred out of the SHU. *Id.*

"[T]here is no federal constitutional right to postconviction counsel." *Barbour v. Haley*, 471 F.3d 1222, 1229 (11th Cir. 2006). "When a party does not have a constitutional, statutory, or rule-based right to counsel, the district court may exercise its discretion as to whether to appoint counsel." *United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021). "The district court has broad discretion in making this decision and should appoint counsel only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (internal citations omitted).

Case No. 17-cr-60052-BLOOM

"The human toll wrought by extended terms of isolation long has been understood, and questioned, by writers and commentators." *Davis v. Ayala*, 576 U.S. 257, 287 (2015) (Kennedy, J., concurring). Long periods of solitary confinement cause an array of psychological issues, raising significant Eighth Amendment concerns. *Ruiz v. Texas*, 137 S. Ct. 1246, 1247 (2017) (Breyer, J., dissenting); *Apodaca v. Raemisch*, 139 S. Ct. 5, 8 (2018) ("[S]olitary confinement imprints on those that it clutches a wide range of psychological scars.") (Sotomayor, J., in a statement respecting the denial of certioriari); *see also In re Medley*, 134 U.S. 160, 168 (1890) (discussing the deleterious effects of solitary confinement).

Carrier's Motion does not describe the conditions of his confinement. However, given the potential harms discussed above, and the alleged inexplicable delay in his removal from the SHU, the Court finds "extraordinary circumstances" exist such that appointment of counsel is appropriate. *Bass*, 170 F.3d at 1320.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Carrier's Motion, **ECF No. [67]**, is **GRANTED**.

2. The Court appoints the Federal Public Defender for the limited purpose of addressing Carrier's alleged long-term confinement in the SHU.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 26, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record